**Randall V. MOORE, Petitioner–Appellant,**

v.

**Daniel A. SENKOWSKI, Superintendent, Clinton Correctional Facility, Respondent–Appellee.**

No. 02–2285.

United States Court of Appeals, Second Circuit.

Aug. 13, 2003.

Sally Wasserman, New York, NY, for Appellant.

Eric A. Johnson, Assistant Solicitor General, for Eliot Spitzer, Attorney General of the State of New York (Robin A. Forshaw, Assistant Attorney General), Albany, NY, for Appellee, of counsel.

Present: JACOBS, SOTOMAYOR, Circuit Judges.*

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be, and it hereby is, **AFFIRMED.**

Pursuant to a Certificate of Appealability issued by this Court, Petitioner–Appellant Randall V. Moore appeals from a Memorandum Decision and Order dated March 29, 2002 by the United States District Court for the Northern District of New York (Mordue, *J.*), denying his petition for a writ of habeas corpus. Moore had been convicted following a jury trial in New York State court of first-degree attempted murder, second-degree assault, and first-degree coercion. Two deputy sheriffs who had testified against Moore supervised, spoke to, and breakfasted with the sequestered jury. The Appellate Division, Third Department, affirmed the convictions on the ground, *inter alia*, that Moore had waived his objection to any constitutional error arising from the jury contacts because by refusing the trial judge's offer of a mistrial and accepting the curative procedures employed by the judge, the "defendant was, in essence, improperly seeking to delay a ruling on the mistrial motion until after the trial was concluded" and a verdict returned.

---

* The Honorable Fred I. Parker, who was a member of the panel, died following argument, and the appeal is being decided by the remaining two members of the panel, who are in agreement. *See* 2d Cir. R. § 0.14(b).

The district court concluded that Moore's waiver of the federal claim constituted a state procedural default, which requires the denial of federal habeas relief unless Moore can demonstrate either cause for the default and actual prejudice, or a compelling case of actual innocence. *See Coleman v. Thompson,* 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); *Schlup v. Delo,* 513 U.S. 298, 321–22, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995).

For substantially the reasons set forth by the district court in its Memorandum Decision and Order, and in the Report and Recommendation dated September 27, 2001 adopted by the district court, we conclude that Moore fails to demonstrate that either exception applies.

For the foregoing reasons, the judgment of the district court is hereby *AFFIRMED.*